## CONWAY vs. CAMPBELL.

1. A sheriff, having collected money on execution, is notified not to pay the same over to the plaintiff, and a motion for that purpose is made in court; he is not liable to the plaintiff for the penalty of five per cent. per month, for not paying him the money until the decision of such motion.

2. A plaintiff in an execution files a motion to compel the sheriff to pay over money collected under execution, and for the penalty of five per cent. per month for failing to pay on the return day—the motion being overruled, the plaintiff receives the principal sum—he cannot then have the judgment overruling the motion set aside, and proceed for the penalty.

APPEAL from St. Louis Court of Common Pleas.

### Statement of the Case.

This was a proceeding under the sixtieth section of the act of the Missouri Legislature of 1845, entitled "An act to regulate executions."

*Conway* vs. *Campbell.*

The record shows an execution in favor of Robert Campbell against Honore Picotte, on a judg- ment rendered on the twenty-first day of November, 1846, for the sum of sixteen hundred and twenty-two 67-100 dollars. The execution was returnable on the 2d February, 1847. The money was collected thereon, and the execution returned satisfied. The sheriff added special matter to his return, to the effect that the money collected had been stayed in his hands by a notice on the part of the defendant not to pay it to the plaintiff until the determination of a motion alleged to have been made in the Court of Common Pleas. The sheriff added to his return that the money awaited the order of the court.

Demand was made by Campbell upon Conway for this money, and Conway refused to pay it over, alleging, as his reason therefor, that defendant had notified him not to pay it; whereupon, Campbell made a motion in court in summary way for judgment against Conway, sheriff of St. Louis county, for the amount collected, and interest thereon from the time of the demand till paid at the rate of five per cent. per month. This motion came on to be heard on the seventh day of February, being the first Saturday of the term, and the court overruled the motion for five per cent. per month interest; but the motion alluded to by the defendant, Picotte, having been with- drawn, directed the sheriff to pay over to Campbell the amount of his judgment against Picotte, amounting, on the return day, with interest, to the sum of sixteen hundred and forty-two 95-100 dollars—which was done. Campbell filed a motion for a rehearing of the motion for judgment, and the court, on argument, granted the same, and then, proceeding to determine the original mo- tion, decided in favor of the same, and gave judgment against Conway, sheriff, for the amount of the principal sum received by Conway on the execution, to the use of Campbell, and interest thereon from the time of demand and refusal up to the time when said Conway brought said money into court, on the 7th January, 1847, amounting in all to the sum of sixteen hundred and fifty three dollars and ninety cents. It being stated in the hearing of the court that the sum of $1642 95 had been already paid by said Conway, a remittiter for that sum was directed by the court at the time, and entered on the spot by Campbell. So that the only sum of money of which question is now made, is the sum of ten 95-100 dollars. Conway excepted, and sued out a writ of error to reverse the judgment of the Court of Common Pleas.

GAMBLE & BATES, *for Appellant, insist:*

That it is the duty of every court to see that its process is not abused, and to that end it must hear and determine the motions of all interested parties. And in doing this, the court must con- form in time and manner to the requirements of the statute, and to the rules and practice of the court. See 9 Mo. R., 492, Field vs. Milburn, and the rules of court, p. 3, rules 14 and 15, viz:—

"*Rule* 14. The clerk shall keep a law docket, in which shall be entered, *first,* all causes in which there may be a demurrer to pleadings or evidence, special verdict, case agreed, point reserved, motion or other matter of law to be argued, in the order in which the same cases stand on the trial docket; *second,* all causes in which like motions may arise during the term, in the order in which they arise."

"*Rule* 15. The matters on the law docket will be heard and determined in the order in which they stand arranged; and if either party fail to appear, he will be deemed to have submitted the matter to the court without argument; and no postponement or continuance of any argument will, in any case, be allowed without the consent of both parties, or for good cause shown to the court. And each Saturday of the term shall be set apart for the hearing of such matter."

Consequently the sheriff was not bound to pay over the money to the plaintiff pending Picotte's motion.

The sheriff having paid the money to the plaintiff, in obedience to the order of court, it was both unlawful and unjust to order him to pay it again. The subsequent remittitur by the plaintiff of the principal sum, cannot make the order either lawful or just, which was wrong before. The

remittitur was the voluntary act of the plaintiff, expressive only of his individual sense of justice, not required by the order of court from which we appeal.

GANTT, *for Appellee, insists:*

1. That the Court of Common Pleas has the inherent right, during the same term and within four days of giving judgment in any cause, to entertain a motion for rehearing and reconsidering such cause.

2. That it is made by law the duty of the sheriff, on the return day of any writ, to pay either party the money collected on such to his use; and if he neglect to do so, he may be sued at common law. 3 Camb., 347; Watson on Sheriff, 202; Marion vs. Hawley, 9 Mo. R., 382.

3. If, upon *request and demand,* he refuse to do this, he is liable to the penalties of sec. 60 of the "act to regulate executions." R. C. 1845, p. 487.

SCOTT, J., *delivered the opinion of the Court.*

There is no doubt of the correctness of the general proposition that a judgment, during the term of the court at which it is rendered, is within the breast of the court, and may be altered or amended as justice may require.

The proceeding against the sheriff was highly penal, and it would seem hard that after he had been once acquitted of a violation of the law, the matter should be reheard, and he condemned to pay a penalty. Be that as it may, we do not consider that the plaintiff in the execution, after having received the money from the sheriff, had a right to go for the penalty. The taking of the money, under the circumstances, was a waiver of any right to the penalty, even if a liability had been incurred.

There is no pretence that the sheriff acted in bad faith in this matter. He returns the fact that he has the money in court, and there is no doubt of the truth and sincerity of this return. But because he has been notified not to pay it over, he asks the advice of the court on the subject.— There is nothing in the record which shows that this motion might not have been instantaneously disposed of. If the court was prevented by its rules, that was not his fault. He sought no advantage from the delay interposed by the rules. We have held, that money collected by the sheriff cannot be garnisheed, because he is required to have it before the court on the return day of the writ. Why have it before the court, if it must of necessity in all cases be paid to the plaintiff in the execution? Ministerial officers are amenable to courts for the manner in which they execute their process. If money is collected by an abuse of the process of a court, it will be ordered to be returned to him from whom it has been exacted by an abuse of its process. There may be many

cases in which the nominal plaintiff is not entitled to the money collected on an execution. Cases may easily be imagined in which, if a sheriff, after notice, should pay over the money, the court would hold him responsible. This summary interposition of the courts is highly salutary, and may prevent tedious and protracted litigation. When the matter is plain, the court will not drive its officer to an interpleader. Admit that an action for money had and received will lie for the sum collected by a sheriff on execution without a demand, does that show, that under the circumstances of this case, he is liable to the penalty denounced by the statute against delinquent sheriffs for failing to pay over money collected by them? Such being the law, we are of opinion that a sheriff who, on the return day of a writ, brings the money into court and prays its advice whether he shall pay it over, he being notified not to do so by a motion spread upon its record, is not liable to the penalty of five per cent. a month during the time that may intervene between the return day of the writ and the disposition of the motion.

The other Judges concurring, the judgment will be reversed.